UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

PAUL SMITH,                )
                           )
        Plaintiff,         )
   v.                      )    No.: 21-cv-1093-JBM
                           )
T. BOWDEN, et al.,         )
                           )
        Defendants.        )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging retaliation and violations of equal protection and due process at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff claims that on an unidentified date, Defendant Officers Bowden and Meister conducted an "unlawful" search of his cell, confiscating his audio-visual equipment. On February 19, 2020, Plaintiff filed a grievance of the matter and claims that on March 7, 2020, Defendants Bowden, Meister, and Prentice, undertook a retaliatory shakedown of his cell. Plaintiff was issued a disciplinary report and materials from his cell were confiscated, including

1

a "scrub pad" which had been given him by Defendant Bowden. Defendant Prentice ordered that Plaintiff's blue jumpsuit, which identified him as a cellhouse worker, be confiscated and that he be fired from his prison job.

Plaintiff alleges that he overhead Officer Steward, not a party, tell another inmate that Bowden and Meister wanted Plaintiff to be hassled due to his grievance writing. Plaintiff filed several more grievances against the three Defendants and told his mother, who called Internal Affairs. Later that same day, Officer Battles moved Plaintiff from the South Cellhouse to the East House, a high aggression unit. The Officer allegedly told Plaintiff that Defendants Bowden and Meister had requested the transfer and Defendant Prentice had approved it, all due to Plaintiff's complaints and grievance writing.

Plaintiff goes on to claim that East Cellhouse Officer Eutsy tried to move him back to the South Cellhouse but Defendant Prentice blocked it due to Plaintiff's complaints. On June 16, 2020, Plaintiff was placed with inmate Lenzy who informed him that Defendants Meister and Prentice had instructed him to "get on some bullshit" with the Plaintiff.

Plaintiff requests declaratory, compensatory, and punitive damages. He has not, however, alleged a physical injury and so, may not collect compensatory damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), although he may seek nominal and punitive damages. *Thomas v. Illinois,* 697 F.3d 612, 614–15 (7th Cir. 2012).

## ANALYSIS

To effectively allege retaliation, a plaintiff must claim that he was engaged in some protected First Amendment activity, that he experienced an adverse action that would likely deter such protected activity in the future, and that the protected activity was "at least a motivating factor" in Defendant's retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009).

Here, Plaintiff successfully pleads that he suffered adverse actions as a result of his constitutionally protect right to grieve prison conditions. The Court notes some skepticism, however, as to Plaintiff claims that in each of the four instances alleged, Defendants admitted to third parties that they were acting out of retaliatory motive. While this appears unusually convenient, this issue cannot be determined at the pleadings stage and Plaintiff may proceed on the retaliation claim.

Plaintiff also asserts an equal protection claim, asserting that he was treated differently than other similarly situated prisoners. Plaintiff alleges that he was issued a ticket for having eight garbage bags and a scrub pad in his cell while Defendant Prentice did not issue inmate Wright a ticket after confiscating cheese and meat from his cell. Plaintiff also asserts that, while he was issued a disciplinary ticket for the 8 garbage bags and a scrub pad, another Officer, Steward, did not cite inmate Brown when he confiscated garbage bags and other unknown items (the handwriting being illegible), from inmate Brown's cell.

To state an equal protection claim, Plaintiff must plead that the "defendants intentionally treated him differently because of his race...ethnicity, sex, religion, or other proscribed factor...." *Lisle v. Welborn*, 933 F.3d 705, 719-20 (7th Cir. 2019). Plaintiff makes no such claim here, not mentioning race, ethnicity, etc., asserting only that he was treated differently that Wright and Brown. To properly plead disparate treatment, Plaintiff must plead that his and the comparators' situations were "directly comparable in all material respects." *Jones v. Noble*, 807 Fed. Appx. 560, 562 (7th Cir. 2020) (finding that security director was permitted to consider "each inmate's potential disruption to the general population" regarding release or continued confinement in lock up).

3

Here, Plaintiff does not successfully plead that his situation in possessing the garbage bags and scrub pad was sufficiently similar to inmate Wright's possessing food. Plaintiff's claim that he was disciplined for having garbage bags in his cell while inmate Brown was not, also falls short as inmate Brown's case involved a different officer, not a party. *See Shango v. Jurich*, 681F.2d 1091, 1104 (7th Cir. 1982) ( "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." Such incidents demonstrate, at most, a "mere inconsistency in prison management … which … may not in itself constitute a cognizable equal protection claim.") Here, Plaintiff does not plead an independent equal protection claim, but rather, pleads that he was disciplined more severely than others in retaliation for his complaints and grievances. The equal protection claim is DISMISSED.

Plaintiff refers to a due process violation at the onset of his complaint but does not plead a due process claim in the body. This claim, too, is dismissed.

**IT IS THEREFORE ORDERED:**

1.  This case shall proceed solely on the retaliation claims against Defendants Bowden, Meister and Prentice, as identified herein. Plaintiff's due process and equal protection claims are DISMISSED. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.  Plaintiff files [3], a motion for recruitment of pro bono counsel. The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. In determining whether the Court should attempt to find an attorney to voluntarily take a case, the question is whether the plaintiff appears competent to litigate his

own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial. *Pruit*t at 655. Here, Plaintiff has successfully pled against three Defendants and the Court sees not evidence, at this stage of the proceedings, that he is unable to proceed on his own. [3] is DENIED.

    3.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    4.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.    Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    6.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the

Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:   7/27/2021

                                                                                                        s/Joe Billy McDade  
                                                                                                        JOE BILLY McDADE  
                                                                        UNITED STATES DISTRICT JUDGE